**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| JAMIE LIGGIO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>APPLE FEDERAL CREDIT UNION,<br><br>      Defendant. | Civil Action No. _____ |

## CLASS ACTION COMPLAINT

Plaintiff Jamie Liggio, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters:

### INTRODUCTION

1. This is a civil action seeking monetary damages and restitution from defendant Apple Federal Credit Union ("Apple FCU"), arising from its practices of assessing "overdraft fees" (or "OD Fees") to consumer deposit accounts that were never even overdrawn, and assessing OD Fees as a result of non-recurring debit card transactions without the informed consent of accountholders.

2. Besides being deceptive, unfair and unconscionable, these practices breach contractual promises that Apple FCU made to all accountholders—namely, that it would charge OD Fees only as a result of transactions that actually overdraw an account and, in the case of one-time debit card transactions, not to charge OD Fees for such transactions absent the account holder's affirmative, informed, and written consent.

3. In plain, clear, and simple language, the contractual checking account documents promise that Apple FCU will <u>only</u> charge an OD Fee on a transaction that "overdraws the account," i.e., in the circumstance where there are funds in the account but which are insufficient

to "cover" an authorized transaction, and further promise that Apple FCU will not charge any OD Fees as a result of one-time debit card or ATM transactions absent the accountholder's prior informed, written consent.

4.    Nonetheless, as happened to Plaintiff here, Apple FCU regularly charges OD Fees to its consumer deposit accounts even where they are not overdrawn, and also regularly charges OD fees as a result of one-time debit card transactions even where the accountholder has not provided the requisite consent.

5.    Specifically, Plaintiff was repeatedly charged OD Fees on routine transactions, even though, according to the monthly account statements prepared by Apple FCU, *her account balance never went into the negative for the supposed overdraft event*.  By definition, then, there were always funds to cover those transactions—yet Apple FCU assessed an OD Fee on them anyway. Moreover, Plaintiff was repeatedly charged OD Fees resulting from one-time non-recurring debit card transactions, even though she never provided Apple FCU the requisite consent necessary to authorize such transactions and to charge OD Fees resulting from them.

6.    In short, Apple FCU is not authorized by contract to charge OD Fees on transactions that have not overdrawn an account, or on one-time non-recurring debit card transactions without the account holder's affirmative, informed consent.  But Apple FCU nonetheless has done so and continues to do so, in breach of its contract with its account holders.

7.    Plaintiff and numerous other Apple FCU customers have suffered monetary damages from Apple FCU's practices.  On behalf of herself and the putative classes, Plaintiff seeks damages, restitution and injunctive relief for Apple FCU's breach of contract.

## JURISDICTION

8.    This Court has original jurisdiction over this putative class action lawsuit pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6), because the aggregate sum of the claims of the members of each of the putative classes exceeds $5 million, exclusive of interest and costs, because Plaintiff brings this action on behalf of proposed classes that are each

comprised of over one hundred members, and because at least one of the members of each of the proposed classes is a citizen of a different state than Apple FCU.

9.    Pursuant to Section 33 of the Membership and Account Agreement entered into between Apple FCU and the Plaintiff, venue and personal jurisdiction are proper in this district because Apple FCU is located in a county encompassed by this district.

## PARTIES

10.    Plaintiff Jamie Liggio ("Plaintiff Liggio") is a natural person who resides in Virginia.  Plaintiff Liggio has a personal checking account with Apple FCU, which is governed by Apple FCU's "standard overdraft practices."

11.    Defendant Apple FCU is a credit union with approximately $2.4 billion in assets. Apple FCU is one of the six largest credit unions in Virginia.  Apple FCU is headquartered in Fairfax, Virginia, and maintains branch locations across the state of Virginia.  Apple FCU's account holders are located primarily in Virginia but, on information and belief, many account holders of Apple FCU reside in surrounding states and the District of Columbia.

12.    Plaintiff is informed and believes, and thereupon alleges, that at least one of the members of each of the proposed classes is a citizen of a state other than Virginia or is a citizen of the District of Columbia.  Apple FCU's website makes clear that individuals who reside outside of Virginia are welcomed to join Apple FCU as members, so long as they meet some other criteria.  Specifically, Apple FCU accepts as members (1) anyone who "lives, works, volunteers or attends school in" Fairfax County, Frederick County, Prince William County, City of Fairfax, City of Manassas or City of Manassas Park; (2) anyone who is a faculty member, staff member, or student, or the immediate families of the foregoing, of various public schools in counties and cities throughout Virginia and of George Mason University, Northern Virginia Community College, and Shenandoah University; (3) anyone who is in the immediate family of a member or lives with a member; and (4) anyone who works at any of a number of business and

3

organizations listed on Apple FCU's website.[1]  Plaintiff is informed and believes, and thereupon alleges, that numerous individuals who reside outside of Virginia are in fact members of Apple FCU, and that many of those non-Virginia resident members are members of the proposed classes in this case.

13.    Even among accountholders who first opened an Apple FCU account while they lived in Virginia, many now reside outside of Virginia.  Virginia has experienced a prolonged period of out-migration.  Indeed, more people have moved out of Virginia than into Virginia for four straight years.[2]  Upon information and belief, at least one of those persons is a member of the putative classes.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14.    Apple FCU issues debit cards to its checking account customers, including Plaintiff, which allow its customers to have electronic access to their checking accounts for purchases, payments, withdrawals and other electronic debit transactions.

15.    Pursuant to its standard account agreement, Apple FCU charges OD Fees (currently in the amount of $29.00 each) for debit card and other types of transactions that purportedly result in an overdraft of a personal checking account.

## I.    Apple FCU Makes Important Contractual Promises to Its Account Holders

16.    Plaintiff's checking account with Apple FCU is, and was at all relevant times, governed by Apple FCU's standardized contract for deposit accounts, the material terms of which are drafted by Apple FCU, amended by Apple FCU from time to time at its convenience and complete discretion, and imposed by Apple FCU on all of its customers, a copy of which is attached hereto at Exhibit 1 (hereinafter, the "Account Agreement").

17.    In plain, clear, and simple language in the section of the Account Agreement concerning OD Fees, Apple FCU promises its account holders that if it pays "items" (plural) that

---

[1]    *See* "Join the Apple FCU Family," Apple Federal Credit Union*, available at* https://www.applefcu.org/join-apple (last accessed July 25, 2018).

[2]    https://news.virginia.edu/content/out-migration-virginia-continues-fourth-consecutive-year

4

"result[] in insufficient funds in your account", the account holder "agree[s] to pay the insufficient amount, including <u>the fee</u> [(singular)] assessed by us," i.e., <u>a single OD Fee</u>:

> If we pay these items or impose a fee that results in insufficient funds in your account, you agree to pay the insufficient amount, including the fee assessed by us, in accordance with our standard overdraft services or any other service you may have authorized with us, or if you do not have such protections with us, in accordance with any overdraft payment policy we have, as applicable.

Ex. 1, at 6.

18.    None of Apple FCU's account documents ever describe the transaction posting order used by Apple FCU, which is designed to maximize the number of OD Fees assessed to consumers, nor do any of the account documents clearly explain that an OD Fee will be charged for every single one of the many "items" that might result in insufficient funds in the account.

19.    In the Account Agreement, Apple FCU also promises its account holders that it will not authorize or pay one-time debit card transactions or ATM transactions that overdraft an account, absent the account holder's affirmative and informed consent to such coverage:

> If we offer standard overdraft services, this service allows us to authorize payment for the following types of transactions regardless of whether your share or deposit account has sufficient funds: (1) share drafts/checks and other transactions made using your checking account, except as otherwise described below; (2) automatic bill payments; (3) ACH transactions. <u>For ATM and one-time debit card transactions, you must affirmatively consent to such coverage. Without your consent, the Credit Union may not authorize and pay an ATM or one-time debit card transaction that will result in insufficient funds in your account.</u>

Ex. 1, at 6 (emphasis added).

20.    Apple FCU's "Overdraft Privilege Disclosure" (a copy of which is attached hereto as Exhibit 2) states that:

> An overdraft occurs when you do not have enough money as an available balance in your Apple Federal Credit Union account to cover a transaction paid via Debit Card or ATM Card, but Apple pays the transaction anyway.

Ex 2, at 1.

5

21.     The Overdraft Privilege Disclosure also contains statements concerning Apple FCU's treatment of ATM and one-time, non-recurring debit card transactions.  Specifically, the Overdraft Privilege Disclosure states, pursuant to Apple FCU's "standard overdraft practices," in which Plaintiffs are both enrolled, that:

> Apple will not authorize and/or pay overdrafts for the following types of transactions **unless requested by the member**:
> • ATM transactions
> • Everyday Debit Card transactions.

*Id.*

22.     The Overdraft Privilege Disclosure further states:

> What if I want Apple FCU to authorize and pay overdrafts on my ATM and everyday Debit Card transactions? If you are currently enjoying the benefits of overdraft coverage and would like to continue, please:
> • Visit AppleFCU.org/ODP
> • Call 703-788-4800 or 800-666-7996
> • Stop by any Apple branch location – AppleFCU.org/Locations.

*Id.*   As written, this Overdraft Protection Disclosure presumes that all Apple FCU account holders have already provided affirmative written consent to be charged OD Fees on one-time non-recurring debit card transactions.

23.     The hyperlink contained within the foregoing excerpt of the Overdraft Privilege Disclosure, http://AppleFCU.org/ODP, directs account holders to an Apple FCU website titled "Overdraft Privilege" (hereinafter the "Overdraft Privilege Website").  A true and correct copy of a screenshot of the Overdraft Privilege Website, as of April 24, 2018, is attached hereto as Exhibit 3.

24.     Apple FCU's Overdraft Privilege Website prominently states at the top, in bold lettering, that Apple FCU's "Overdraft Privilege" (or "ODP") service affords account holders a way to "[a]void overdrawing your account." Ex. 3 at 1.  That statement could not be further from the truth, because the ODP service is specifically designed to increase, not to stop, the likelihood of an account being overdrawn.

25.    Apple FCU's goal of confusing its own account holders in this way is obvious from the face of the Overdraft Privilege Website, which first refers to the service as "Overdraft Privilege" but then immediately below that heading refers to the service as "Overdraft Protection":



The representations on this website are false and misleading because there is plainly nothing "protect[ive]" about a service that is specifically designed to allow accounts to overdraft and to impose overdraft fees *en masse.*

26.    With respect to the fee charged by Apple FCU if an account overdrafts, the Overdraft Privilege Website states:

> Should an overdraft ever occur, ODP will allow you to complete your transaction. Apple, at its sole discretion, will pay the item(s) up to the authorized Overdraft Privilege limit and charge the account the Credit Union's standard Non-Sufficient Funds (NSF)/ODP fee of $29 for each item that overdraws the account.
>
> <u>Fee applies to overdrafts created by check, in-person withdrawal, or other electronic means</u>. Checking account can't remain negative for more than 30 days or Checking account balance must be made positive every 30 days.

*Id.* (emphasis added).

27.    Nowhere on the Overdraft Privilege Website or the Overdraft Privilege Disclosure does Apple FCU disclose that, if an account is enrolled in the ODP service, a $29.00 overdraft fee is charged for each and every one-time non-recurring debit card transaction or ATM withdrawal that overdraws an account — much less for such transactions that do not even overdraw an account, as happened to Plaintiffs here.

7

28.     Even with respect to other types of transactions besides one-time debit transactions and ATM withdrawals, the Overdraft Privilege Website states that Apple FCU will charge "$29 for each item **that overdraws the account**" – which clearly means, consistent with the Account Agreement, *supra ¶* 22 (citing Ex. 1 at 6), that only a single $29.00 OD Fee will be charged when an account becomes overdrawn by an item.  Indeed, as a matter of logic and common sense, only one item actually "overdraws the account."

29.     The Overdraft Privilege Website contains a link that states "Overdraft Privilege Opt Out Request," which directs account holders to a PDF file titled "Request to Opt-Out of Overdraft Privilege" (hereinafter the "ODP Opt-Out Form"), a copy of which is attached hereto as Exhibit 4.  The ODP Opt-Out Form permits account holders to opt out of Apple FCU's ODP service, and requires account holders to opt out for at least one year if they choose to opt out at all.  But there is no mechanism on the ODP Opt-Out Form or elsewhere for an account holder to **opt in** to the ODP service.  As the Overdraft Privilege Disclosure, the Overdraft Privilege Website, and the ODP Opt-Out Form make apparent, Apple FCU has placed the burden on account holders to opt-out, as opposed to opt-in, to the ODP service, which Apple FCU has involuntarily opted them into in the first instance.

**II.     Apple FCU's Conduct Breaches the Account Agreement with Its Account Holders**

30.     Plaintiff's checking account with Apple FCU is, and at all relevant times was, governed by Apple FCU's standardized Account Agreement, the material terms of which are drafted by Apple FCU, amended by Apple FCU from time to time at its convenience and complete discretion, and imposed by Apple FCU on all of its customers.

31.     In plain, clear, and simple language, the checking account contract documents discussing OD Fees promise that Apple FCU will only charge an OD Fee when a transaction results in insufficient funds to "cover" it:

> If we pay these items or impose a fee that results in insufficient funds in your account, you agree to pay the insufficient amount, including the fee assessed by us, in accordance

8

with our standard overdraft services or any other service you may have authorized with us, or if you do not have such protections with us, in accordance with any overdraft payment policy we have, as applicable.

Account Agreement, Ex. 1.

32. None of the account documents ever describe the transaction posting order used by Apple FCU, which is designed to maximize the number of OD Fees assessed to consumers.

33. In plain, clear, and simple language, the checking account contract documents discussing OD Fees promise that Apple FCU will not authorize or pay, or assess $29.00 fees for, one-time debit card and ATM transactions absent knowing consent from the accountholder.

34. Apply FCU has systematically breached its promise to its account holders in the Account Agreement to only charge overdraft fees for other types of transactions (transactions besides non-recurring debit and ATM transactions) if there are insufficient funds to cover the item in question such that the item overdraws the account. In breach of this promise, Apple FCU routinely charges overdraft fees resulting from transactions for which there were sufficient funds to cover the item in question and did not actually overdraw the account, as happened to Plaintiff here.

35. Moreover, Apple FCU has also systematically breached its promises in the Account Agreement not to authorize or pay, or assess $29.00 fees for, one-time debit card and ATM transactions absent knowing consent from the accountholder. In breach of this promise, Apple FCU routinely charges overdraft fees on ATM and nonrecurring transactions without providing the requisite disclosures and obtaining the requisite affirmative consent in writing, as happened to Plaintiff here.

### III. Plaintiff's Experience at Apple FCU

36. Plaintiff has one checking account with Apple FCU, which is governed by Apple FCU's "standard overdraft practices."

37.     At no time has Apple FCU provided written disclosures to Plaintiff, as required by the Account Agreement, adequately disclosing Apple FCU's practice of assessing a $29.00 overdraft fee for each and every non-recurring debit card transaction drawn against a negative account balance, much less such transactions that did not even overdraw the account. Apple FCU failed to obtain Plaintiff's affirmative, written consent, and failed to confirm the receipt of such consent in writing to Plaintiff, prior to enrolling Plaintiff in the "ODP service" and charging Plaintiff overdraft fees as a result of ATM and non-recurring debit card transactions, including ones that did not overdraw her account.

38.     Nonetheless, on numerous other occasions, including but not limited to the instances below, Plaintiff was assessed an OD Fee, in the amount of $29.00, as the result of a one-time, non-recurring debit card or ATM transaction authorized into a negative balance:

- On December 11, 2017, Plaintiff was charged a $29.00 OD Fee as a result of an ATM withdrawal, at an Apple FCU ATM, that was authorized into a negative balance.

- On August 3, 2017, Plaintiff was charged a $29.00 OD Fee as a result of a one-time, non-recurring debit card transaction, to iTunes.com in the amount of $2.99, that was authorized into a negative balance.

- On July 3, 2017, Plaintiff was charged a $29.00 OD Fee as a result of a one-time, non-recurring debit card transaction, to Wawa Convenience Store in the amount of $25.47, that was authorized into a negative balance.

39.     Plaintiff was charged the foregoing OD Fees as the result of the foregoing one-time, non-recurring debit card transactions despite the fact that she never provided Apple FCU with her affirmative, written consent to the imposition of OD Fees resulting from one-time debit card transactions.     Absent such consent, Apple FCU's Account Agreement specifically prohibited the assessment of such fees.

40.     Moreover, on numerous occasions, including but not limited to the instances below, Plaintiff was assessed an OD Fee in the amount of $29.00 on the following occasions,

despite the fact that her account never went negative even after the transaction that supposedly caused the OD Fee was posted:

- On January 4, 2015, Plaintiff was charged an OD Fee for a transaction that did not overdraw her account and which her bank statement shows did not overdraw her account.

- On November 19, 2016, Plaintiff was charged three OD Fees for transactions that did not overdraw her account and which her bank statement shows did not overdraw her account.

- On April 15, 2017, Plaintiff was charged two OD Fees for transactions that did not overdraw her account and which her bank statement shows did not overdraw her account.

41. Plaintiff at all times had sufficient funds to cover the foregoing transactions (and numerous other transactions like them that occurred during the past six years) that resulted in improper OD Fees.

42. Because the foregoing OD Fees were charged even though Plaintiff's account balance was not overdrawn by the transaction at issue, Apple FCU assessed the fees in violation of its own Account Agreement with Plaintiff.

43. In the past four years alone, Apple FCU has siphoned over $8,000.00 out of Plaintiff's checking account, one $29.00 OD Fee at a time.

## CLASS ALLEGATIONS

44. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23 with respect to two classes of individuals, referred to below as the "Sufficient Funds Class" and the "Non-Recurring Debit Class".

45. The proposed "Sufficient Funds Class" is defined as:

> All Apple FCU checking account holders in the United States who, within the applicable statute of limitation period, were charged one or more OD Fee as a result of a transaction that did not overdraw an account.

46. The proposed "Non-Recurring Debit Class" is defined as:

11

> All Apple FCU checking account holders in the United States who, within the applicable statute of limitation period, were charged one or more OD Fee as a result of a one-time (i.e., non-recurring) debit card transaction.

47.     Plaintiff reserves the right to modify or amend the definitions of the proposed Classes before the Court determines whether certification is appropriate.

48.     Excluded from the Classes are Apple FCU, its parents, subsidiaries, affiliates, officers and directors, any entity in which Apple FCU has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

49.     The members of the Classes are so numerous that joinder is impractical.  The Classes consist of thousands of members, the identity of whom is within the knowledge of and can be ascertained only by resort to Apple FCU's records.

50.     The claims of the representative Plaintiff are typical of the claims of the Classes in that the representative Plaintiff, like all Class members, was charged OD Fees by Apple FCU as a result of transactions that did not actually overdraw checking accounts and as a result of one-time debit card transactions.  The representative Plaintiff, like all Class members, has been damaged by Apple FCU's misconduct in that she has been assessed overdraft charges that violate the Account Agreement.  Furthermore, the factual basis of Apple FCU's misconduct is common to all Class members, and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Classes.

51.     There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual Class members.

52.     Among the questions of law and fact common to the Classes are whether Apple FCU:

>> a.     Imposed OD Fees on debit card transactions when those transactions did not overdraw accounts (for the "Sufficient Funds Class"), and

>> b.      Imposed OD Fees on one-time debit card transactions (for the "Non-

Recurring Debit Class").

Other questions of law and fact common to the Classes include:

c.      The proper method or methods by which to measure damages, and

d.      The declaratory relief to which the Classes are entitled.

53.     Plaintiff's claims are typical of the claims of other Class members, in that they arise out of the same wrongful overdraft policies and practices of Apple FCU's account contract. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other Class member.

54.     Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions.  Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

55.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Apple FCU, no Class member could afford to seek legal redress individually for the claims alleged herein.  Therefore, absent a class action, the Class members will continue to suffer losses and Apple FCU's misconduct will proceed without remedy.

56.     Even if Class members themselves could afford such individual litigation, the court system could not.  Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (Individually and on Behalf of the Sufficient Funds Class)

57. Plaintiff repeats and incorporates herein paragraphs 1 through 56 above.

58. Plaintiff, and all members of the proposed Sufficient Funds Class contracted with Apple FCU for bank account deposit, checking, ATM, and debit card services, as set forth in the Account Agreement.

59. Apple FCU breached promises made to Plaintiff and all members of the proposed Sufficient Funds Class when, as described herein, Apple FCU charged overdraft fees as a result of transactions that did not overdraw a checking account.

60. Plaintiff and all members of the proposed Sufficient Funds Class have performed all, or substantially all, of the obligations imposed on them under the contract.

61. Plaintiff and all members of the proposed Sufficient Funds Class have sustained damages as a result of Apple FCU's breach of the contract.

### SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (Individually and on Behalf of the Non-Recurring Debit Class)

62. Plaintiff repeats and incorporates herein paragraphs 1 through 56 above.

63. Plaintiff and all members of the proposed Sufficient Funds Class contracted with Apple FCU for bank account deposit, checking, ATM, and debit card services, as set forth in the Account Agreement.

64. Apple FCU breached promises made to Plaintiff and all members of the proposed Sufficient Funds Class when, as described herein, Apple FCU charged overdraft fees as a result of one-time, non-recurring debit card transactions.

14

65.     Plaintiff and all members of the proposed Sufficient Funds Class have performed all, or substantially all, of the obligations imposed on them under the contract.

66.     Plaintiff and all members of the proposed Sufficient Funds Class have sustained damages as a result of Apple FCU's breach of the contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jamie Liggio, individually and on behalf of the Classes, demands a jury trial on all claims so triable and judgment as follows:

A. Certification for this matter to proceed as a class action on behalf of both proposed Classes under Fed. R. Civ. P. 23(b)(2) and 23(b)(3);

B. Restitution of all OD Fees paid to Apple FCU by Plaintiff and the members of the Classes, as a result of the wrongs alleged herein in an amount to be determined at trial;

C. Actual damages in an amount according to proof;

D. Pre-judgment interest at the maximum rate permitted by applicable law;

E. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law;

F. For attorneys' fees under the common fund doctrine, and all other applicable law; and

G. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Classes, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: August 23, 2018                          Respectfully submitted,

                                                /s/
                                                Iris Figueroa Rosario (VSB # 47350)
                                                iris.rosario@gpmlaw.com
                                                Michael L. Sturm (VSB # 27533)
                                                michael.sturm@gpmlaw.com
                                                **GRAY, PLANT, MOOTY, MOOTY
                                                  & BENNETT, P.A.**
                                                The Watergate – Suite 700

15

600 New Hampshire Ave. NW
Washington, DC 20037
Tel: (202) 295-2204
Fax: (202 295-2250

Frank S. Hedin*
fhedin@hedinhall.com
David W. Hall*
dhall@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

Robert Ahdoot*
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
1016 Palm Ave.
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

Jeffrey Kaliel*
jkaliel@kalielpllc.com
Sophia Gold*
sgold@kalielpllc.com
**KALIEL PLLC**
1875 Connecticut Ave. NW 10th Floor
Washington, D.C. 20009
Tel: (202) 350-4783

*Pro Hac Vice Applications Forthcoming

*Counsel for Plaintiff*

16