# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| JAMIE LIGGIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-1059 (LO/MSN) |
| | ) | |
| APPLE FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is made and entered into this 24th day of June, 2019, by and among (1) Plaintiff, Jamie Liggio, individually, and on behalf of the Settlement Class, and (2) Defendant, Apple Federal Credit Union ("Apple FCU"), subject to Preliminary Approval and Final Approval as required by the Federal Rules of Civil Procedure. As provided herein, Plaintiff, Class Counsel and Apple FCU hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Approval Order and Final Judgment, all claims of the Settlement Class against Apple FCU in the action titled *Liggio v. Apple Federal Credit Union*, Civil No. 18-cv-01059 (E.D. Va.) (the "Action") shall be settled and compromised upon the terms and conditions contained herein.

**I.    Recitals**

1.    On August 23, 2018, Plaintiff filed her Complaint against Apple FCU alleging improper assessment and collection of overdraft fees and seeking, *inter alia*, monetary damages, interest, attorneys' fees, restitution, and other relief.

2.    On October 19, 2018, Apple FCU filed a Motion to Dismiss the Complaint

("MTD").  On November 16, 2018, the Court heard oral argument on the MTD, and the Court denied the MTD later that same day.

3.      Subsequently, the Parties engaged in a significant discovery process.  Defendant deposed Plaintiff Liggio on January 10, 2019.  Plaintiff requested, and Defendant produced, tens of thousands of pages of documents and voluminous reports of data regarding overdraft fees assessed on accounts and Apple FCU's policies and practices regarding the assessment of overdraft fees during the class period.

4.      On April 24, 2019, the Parties participated in a settlement conference with Magistrate Judge Nachmanoff, which resulted in the Parties agreeing on the materials terms of a settlement.

5.      During settlement discussions and prior to the settlement conference, Apple FCU disclosed anonymized data concerning the estimated amount of overdraft fees at issue, which was analyzed by Plaintiff's expert to facilitate the settlement conference.

6.      The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims of the Releasing Parties (definitions below).  The Parties intend this Agreement to bind Plaintiff, Apple FCU, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.     <u>Definitions</u>

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

7. "Account" means any consumer checking account maintained by Apple FCU in the United States and its territories.

8. "Account Holder" means any person who has or had any interest, whether legal or equitable, in an Account during the Class Period.

9. "Class Counsel" means the law firms Kaliel PLLC, Hedin Hall LLP, Ahdoot & Wolfson, PC, and Gray, Plant, Mooty, Mooty & Bennett, P.A.

10. "Class Period" means the period from August 23, 2013, through the date of preliminary approval.

11. "Class Representative" means Plaintiff, Jamie Liggio.

12. "Court" means the Eastern District of Virginia.

13. "Current Account Holder" means a Settlement Class Member who continues to maintain an Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

14. "Effective Date" means the first business day after the Court has entered without material change the Final Approval Order. However, notwithstanding the foregoing sentence, and only to the extent any objection to the Settlement was timely filed by a Settlement Class Member, the Effective Date shall be tolled to the first business day after the time for seeking rehearing or appellate or other review from Final Approval has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired and relief from a failure to file same is not available.

15. "Escrow Account" means the account into which Apple FCU will deposit the Settlement Fund.

16. "Final Approval" means the date that the Court enters both an order granting final approval to the Settlement, and determines the amount of attorneys' fees, costs, and expenses awarded to Class Counsel and the amount of any Service Award to the Class Representative. The proposed Final Approval Order shall be in a form agreed upon by Class Counsel and Apple FCU, consistent in all material respects with the terms of this Settlement Agreement. In the event that the Court issues separate orders addressing the foregoing matters, then Final Approval means the date of the last of such orders.

17. "Final Approval Order" means the final order that the Court enters upon Final Approval, which shall be substantially in the form attached as an exhibit to the Motion for Final Approval. In the event that the Court issues orders addressing the matters constituting Final Approval, then the Final Approval Order includes all such orders.

18. "Ledger Balance" means the balance in the customer's account as reflected on the customer's end-of-the-month account statements. The Ledger Balance includes any pending deposits and/or other credits that have not yet been authorized for use and posted debit and/or draft transactions. Drafts or debits from a customer's account that have not yet posted to the account (even if those draft or debit transactions have already been approved by Apple FCU and/or the merchant) are not accounted for in the Ledger Balance.

19. "Net Settlement Fund" means the Settlement Fund, minus Court approved attorneys' fees, costs and expenses, any Settlement Administration Costs incurred, and the Court approved Service Award to Plaintiff.

4

20.    "Notice" means the notices that the Parties will ask the Court to approve in connection with the Stipulation for Preliminary Approval of the Settlement.

21.    "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Postcard Notice, Email Notice and Long Form Notice (all defined below), which shall be substantially in the forms as the exhibits attached to the Stipulation for Preliminary Approval.

22.    "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice is first mailed, and that ends no later than 30 days before the Final Approval Hearing.  The deadline for the Opt-Out Period will be specified in the Notice.

23.    "Overdraft Fee" means any fee or fees assessed to a holder of an Account for items paid when the Account has insufficient funds at the time of settlement.

24.    "Parties" means Plaintiff and Apple FCU.

25.    "Past Account Holder" means a Settlement Class Member who no longer maintains an Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

26.    "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement, substantially in the form of the exhibit attached to the Motion for Preliminary Approval.

27.    The "Releases" means all of the releases contained in Section XIII hereof.

28.    "Released Claims" means all claims to be released as specified in Section XIII hereof.

29.    "Released Parties" means those persons released as specified in Section XIII hereof.

5

30.     "Releasing Parties" means Plaintiff and all Settlement Class Members, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, and all those who claim through them or on their behalf.

31.     "Relevant Overdraft Fee" means an Overdraft Fee on a transaction that did not overdraw the ledger balance of the account.

32.     "Service Award" means any Court-ordered payment to Plaintiff for serving as a Class Representative, which is in addition to any payment due to Plaintiff as a Settlement Class Member.

33.     "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement.

34.     "Settlement Administration Costs" means all costs of the Settlement Administrator regarding notice and settlement administration.

35.     "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc. ("Epiq").

36.     "Settlement Class" means all current and former holders of Apple FCU consumer checking accounts who, during the applicable statute of limitations and through the date on which the Court enters preliminary approval of the class settlement in this action, were assessed at least one Overdraft Fee ("OD Fee") on a transaction that did not overdraw the ledger balance of the account.  Excluded from the Settlement Class is Apple FCU, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members.

6

37.     "Settlement Class Member" means any person included in the Settlement Class who does not timely opt-out of the Settlement.

38.     "Settlement Class Member Payment" means the cash distribution that will be made from the Net Settlement Fund to each Settlement Class Member, pursuant to the allocation terms of the Settlement.

39.     "Settlement Fund" means the $2,700,000.00 all-cash, non-reversionary common fund that Apple FCU has agreed to pay in full[1] and complete satisfaction of its obligations under the Settlement.  The Settlement Fund will be used to pay the "Settlement Class Member Payment," any attorneys' fees, costs and Service Awards ordered by the Court, any Settlement Administration Costs, and any *cy pres* payment required under this Agreement.

40.     "Settlement Website" means the website that the Settlement Administrator will use as a means for Settlement Class members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, the order preliminarily approving this Settlement, and such other documents as the Parties agree to post or that the Court orders posted on the website.  These documents shall remain on the Settlement Website at least until Final Approval.  The URL of the Settlement Website shall be www.AFCUOverdraftSettlement.com, or such other URL as Class Counsel and Apple FCU agree upon in writing.

---

[1] A total of $250,000.00 of the Settlement Fund will be contributed by APPLE FCU's insurer, ProSight Specialty Insurance.  This contribution shall not increase or otherwise alter the above stated dollar amount of the Settlement Fund.

## III.   Certification of the Settlement Class

41.   For Settlement purposes only, Plaintiff and Apple FCU agree to ask the Court to certify the Settlement Class under the Federal Rules of Civil Procedure.

## IV.   Settlement Consideration

42.   Subject to approval by the Court, the total cash consideration to be provided by Apple FCU pursuant to the Settlement shall be $2,700,000.00, inclusive of the amount paid to Settlement Class Members, any and all attorneys' fees, costs and expenses awarded to Class Counsel, any Service Award to the Class Representative, all Settlement Administration Costs, and any *cy pres* payment.  Apple FCU shall not be responsible for any other payments under this Agreement.

43.   Within ten calendar days of Preliminary Approval, Apple FCU shall deposit the Settlement Funds into an Escrow Account. The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account.  All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed upon Apple FCU, Apple FCU's Counsel, Plaintiff and/or Class Counsel with respect to income earned by the Escrow Account for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Escrow Account.  Apple FCU and Apple FCU's Counsel and Plaintiff and Class Counsel shall have no liability or responsibility for any of the Taxes.  The Escrow Account shall indemnify and hold Apple FCU and Apple FCU's Counsel and Plaintiff and

Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

44.    In addition, the Parties understand and agree that the provision of the following non-monetary relief by Apple FCU, in consideration of the mutual promises made in this Agreement, constitutes a material component of the Settlement: as of April 24, 2019, Apple FCU issued revised disclosures for consumer checking Account holders further clarifying Apple FCU's policy with respect to the authorization/settlement procedures relating to debit transactions, including non-recurring debit card transactions, that policy's potential impact on overdraft transactions and the manner and method by which Apple FCU assesses Overdraft Fee, a true and accurate copy of which is attached hereto as Exhibit A (the "Revised Disclosure").  Plaintiff and the Settlement Class acknowledge and agree that the Revised Disclosure accurately discloses Apple FCU's overdraft policies and practices as of the Effective Date of this Settlement Agreement.

## V.    <u>Settlement Approval</u>

45.    Upon execution of this Agreement by all Parties, Class Counsel shall promptly request by motion an Order granting Preliminary Approval of this Settlement ("Preliminary Approval Order").  The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and Apple FCU.  The motion for Preliminary Approval shall request that the Court: (1) approve the terms of the Settlement as within the range of fair, adequate and reasonable; (2) provisionally certify the Settlement Class pursuant to the Federal Rules of Civil Procedure for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the procedures set forth herein below for Settlement Class members to exclude themselves from the

Settlement Class or to object to the Settlement; (5) stay the Action pending Final Approval of the Settlement; and (6) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel and counsel for Apple FCU, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs and expenses and for a Service Award to the Class Representative ("Final Approval Hearing").

## VI.    **Discovery and Settlement Data**

46.    Class Counsel and Apple FCU already have engaged in informal and formal discovery related to liability and damages. Additionally, for purposes of effectuating this Settlement, Apple FCU will make available to Class Counsel and its expert data for the entirety of the Class Period necessary for determination of class membership and settlement payment allocation.  Plaintiff's expert shall use that data to determine Settlement Class membership and the number of Relevant Overdraft Fees for each Settlement Class Member.  A list of Settlement Class Members and their electronic mail or postal addresses will be provided to the Settlement Administrator to provide Notice.

## VII.    **Settlement Administrator**

47.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph hereafter and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing Mailed and Email Notice to Settlement Class Members and distributing the Settlement Fund as provided herein.  If necessary, the Parties shall move the Court to modify the existing Protective Order to permit the disclosure of information subject to the terms of the Protective Order to the

Settlement Administrator and the use of such information by the Settlement Administrator solely for the purposes of effectuating the terms of this Settlement Agreement.   The Settlement Administrator agrees to be bound by the terms of the Protective Order in this case (and any amendments to or modifications thereof) and shall ensure that any and all persons employed by the Settlement Administrator have executed the Acknowledgement and Agreement to be Bound attached as Exhibit A to the Protective Order before receiving or using any information subject to the Protective Order.

48.    Apple FCU will take reasonable steps to cooperate with Plaintiff in keeping settlement administration expenses to a minimum, including by providing the following assistance and data (to the extent available) without cost to Plaintiff: providing class member data sufficient to allow for email or mailed notice; providing data sufficient to allow Plaintiff's expert to determine the number of Relevant Overdraft Fees for each class member, and issuing account credits to current account holders.

49.    The duties of the Settlement Administrator, in addition to other responsibilities that are described in the preceding paragraph and elsewhere in this Agreement, are as follows:

a.    Use the name and address information for Settlement Class Members provided by Apple FCU in connection with the Notice process approved by the Court, for the purpose of mailing the Mailed Notice and sending the Email Notice, and later mailing distribution checks to Past Account Holder Settlement Class Members, and to Current Account Holder Settlement Class Members where it is not feasible or reasonable for Apple FCU to make the payment by a credit to the Settlement Class Members' Accounts;

b.    Establish and maintain a Post Office box for requests for exclusion from the Settlement Class;

11

c.      Establish and maintain the Settlement Website;

d.      Establish and maintain an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

e.      Respond to any mailed Settlement Class Member inquiries;

f.      Process all requests for exclusion from the Settlement Class;

g.      Provide weekly reports to Class Counsel and Apple FCU that summarizes the number of requests for exclusion received that week, the total number of exclusion requests received to date, and other pertinent information;

h.      In advance of the Final Approval Hearing, prepare an affidavit to submit to the Court confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Settlement Class member who timely and properly requested exclusion from the Settlement Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

i.      Pay invoices, expenses and costs upon approval by Class Counsel and Apple FCU, as provided in this Agreement; and

j.      Any other Settlement-administration-related function at the instruction of Class Counsel and Apple FCU, including, but not limited to, verifying that settlement funds have been distributed.

## VIII.   **Notice to Settlement Class members**

50.     As soon as practicable after Preliminary Approval of the Settlement, at the direction of Class Counsel and Apple FCU's Counsel, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the

Preliminary Approval Order.  The Notice shall include, among other information: a description of the material terms of the Settlement; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the date upon which the Final Approval Hearing is scheduled to occur; and the address of the Settlement Website at which Settlement Class members may access this Agreement and other related documents and information.  Class Counsel and Apple FCU shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.  Notices and publications provided under or as part of the Notice Program shall not bear or include the Apple FCU logo or trademarks or the return address of Apple FCU, or otherwise be styled to appear to originate from Apple FCU.

51.     The Notice also shall include a procedure for Settlement Class Members to opt-out of the Settlement Class.  A Settlement Class member may opt-out of the Settlement Class at any time during the Opt-Out Period, provided the opt-out notice is postmarked no later than the last day of the Opt-Out Period.  Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement.

52.     The Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or Service Awards to Class Representatives.  Objections to the Settlement, to the application for fees, costs, expenses, and/or to the Service Awards must be mailed to the Clerk of the Court, Class Counsel, and Apple FCU's counsel.  For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Opt-Out Period, as specified in the Notice.  If submitted by mail, an objection shall be deemed to have been submitted when posted if

13

received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

53.    For an objection to be considered by the Court, the objection must also set forth:

a.    the name of the Action;

b.    the objector's full name, address and telephone number;

c.    an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

e.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

f.    any and all agreements that relate to the objection or the process of objecting – whether written or oral – between objector or objector's counsel and any other person or entity;

g.    the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing and/or any other person or persons who are providing any form of assistance to the objector in connection with his or her objection(s);

h.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

i.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

14

j.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Apple FCU may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.

54.     Notice shall be provided to Settlement Class members in three different ways: Email notice to Current Account Holders for whom Apple FCU has email addresses ("Email Notice") and who have agreed to accept their monthly account statements by email; postcard Notice ("Postcard Notice") to those Current Account Holders who have not agreed to accept their monthly account statements by email and to Past Account Holders; and Long-Form Notice with details regarding the Settlement ("Long Form Notice") on the Settlement Website. Email Notice and Postcard Notice shall collectively be referred to as "Mailed Notice." Not all Settlement Class members will receive all forms of Notice, as detailed herein.

55.     Apple FCU will take all reasonable steps to cooperate with Class Counsel and its expert to make available the necessary data to Class Counsel's expert to determine Settlement Class membership, consistent with Paragraph 46, above.  The availability of the data necessary for Class Counsel's expert to compile the Settlement Class membership list shall be provided as soon as practicable. Apple FCU will bear the expense of extracting the necessary data to make available to Class Counsel's expert for analysis (provided that the data is obtainable without undue burden or expense to Apple FCU), while Class Counsel shall be responsible for paying Class Counsel's expert, who will analyze the data provided to determine Settlement Class membership as well as the amount of each Settlement Class member's damages.  The Settlement Administrator shall run the physical addresses through the National Change of Address Database and shall mail to all such Settlement Class members Postcard Notice.  The Settlement Administrator shall also send out

15

Email Notice to all Settlement Class members receiving Notice by that method. The initial Mailed Postcard and Email Notice shall be referred to as "Initial Mailed Notice."

56.     The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notice postcards that are returned as undeliverable. By way of example, a "reasonable" tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 60 days before the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class members whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process"). The Settlement Administrator shall send Postcard Notice to all Settlement Class members' whose emails were returned as undeliverable and complete such Notice pursuant to the deadlines described herein as they relate to the Notice Re-mailing Process.

57.     The Notice Program (which is composed of both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed no later than 60 days before the Final Approval Hearing.

58.     Within the provisions set forth in this Section VIII, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and Apple FCU.

## IX.     **Final Approval Order and Judgment**

59.     Plaintiff's Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. Plaintiff shall file the Motion for Final Approval of the Settlement, and application for attorneys' fees, costs and expenses and for Service Award for the Class Representative, no later than 45 days before the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiff' Motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys'

16

fees, costs, and expenses and for the Service Award for the Class Representative. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Member (or their counsel) who objects to the Settlement or to Class Counsel's application for attorneys' fees, costs, expenses or the Service Award application, provided the objectors submitted timely objections that meet all of the requirements listed in the Agreement.

60.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement and entering final judgment thereon, and whether to approve Class Counsel's request for attorneys' fees, costs, expenses and Service Awards. The proposed Final Approval Order shall be in a form agreed upon by Class Counsel and Apple FCU. Such proposed Final Approval Order shall, among other things:

a.     Determine that the Settlement is fair, adequate and reasonable;

b.     Finally certify the Settlement Class for settlement purposes only;

c.     Determine that the Notice Program satisfied due Process requirements;

d.     Enter judgment dismissing the Action with prejudice;

e.     Bar and enjoin all Releasing Parties from pursuing any Released Claims against Apple FCU or its affiliates at any time, including during any appeal from the Final Approval Order, and retain jurisdiction over the enforcement of the Court's injunctions;

f.     Release Apple FCU and the Released Parties from the Released Claims; and

g.     Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Apple FCU, all Settlement Class Members, and all objectors, to administer, supervise, construe and enforce this Agreement in accordance with its terms.

## X.   Distribution of Settlement Fund

61.   Within 10 days after the Effective Date, the Settlement Administrator shall send the aggregate amount of the Settlement Class Member Payments that are to be credited to Current Account Holders' Accounts to Apple FCU.

62.   Within 30 days of the Effective Date, Apple FCU shall credit the Accounts of all Current Account Holders based on the calculations provided by Class Counsel's expert, or by mailing a standard size check if it is not feasible or reasonable to make the payment by a credit. Such payments to Current Account Holders will be accompanied by a description to be determined by Apple FCU.  Apple FCU will bear any costs associated with implementing the Account credits discussed in this paragraph.

63.   Within 30 days of the Effective Date, the Settlement Administrator shall send Settlement Class Member Payments to Past Account Holders.

## XI.   Calculation of Automatic Distributions from Settlement Fund

64.   The calculation and implementation of allocations of the Settlement Fund contemplated by this section shall be done by Class Counsel and its expert for the purpose of compensating Settlement Class Members.  Neither Apple FCU nor its counsel shall have any responsibility for the calculation and Settlement Class Members shall have no recourse against Apple FCU or its counsel with respect to the calculation.  The methodology provided for herein will be applied to the data as consistently, sensibly, and conscientiously as reasonably possible, recognizing and taking into consideration the nature and completeness of the data and the purpose of the computations.  Consistent with its contractual, statutory, and regulatory obligations to maintain security and protect Apple FCU customers' private financial information, Apple FCU shall make available such additional data and information as may reasonably be needed by Class

18

Counsel and its expert to confirm and/or effectuate the calculations and allocations contemplated by this Agreement. Class Counsel shall confer with Apple FCU's counsel concerning any such additional data and information. All such data and information produced by Apple FCU for the purpose of confirming and/or effectuating the calculations and allocations contemplated by this Agreement shall be returned to Apple FCU's counsel or destroyed.

65.     The amount of the Settlement Class Member Payment from the Settlement Fund to which each Settlement Class Member is entitled for the Class Period (subject to the availability of data) is to be determined using the following methodology or such other methodology as would have an equivalent result:

a.     All accounts held by Settlement Class Members will be identified at which, on one or more calendar days during the Class Period, Apple FCU assessed Relevant Overdraft Fees.

b.     Relevant Overdraft Fees will be totaled for each Account.

c.     The Net Settlement Fund will be allocated *pro rata* to the Settlement Class Members based on their number of Relevant Overdraft Fees.

66.     The Parties agree the foregoing allocation formula is exclusively for purposes of computing, in a reasonable and efficient fashion, the amount of any Settlement Class Member Payment each Settlement Class Member should receive from the Net Settlement Fund. The fact that this allocation formula will be used is not intended and shall not be used for any other purpose or objective whatsoever.

67.     The Settlement Administrator shall divide the total amount of the Net Settlement Fund by the total amount of all Settlement Class Members' Relevant Overdraft Fees. This calculation shall yield the "*Pro Rata* Percentage."

68.    Each Settlement Class Member's *Pro Rata* Percentage will be multiplied by the amount of the Net Settlement Fund, which yields a Pre-Adjustment Payment Amount for each Settlement Class Member.

69.    If any Settlement Class Member's Pre-Adjustment Amount is less than $5.00, the Settlement Class Member's Payment amount shall be adjusted to $5.00.  The remainder of the Net Settlement Fund shall then be apportioned *pro rata* to all other Settlement Class Members by multiplying those Settlement Class Members' *Pro Rata* Percentage by the remaining amount of the Net Settlement Fund.

## XII.    Disposition of Residual Funds

70.    Within 1 year after the date the Settlement Administrator mails the first Settlement Class Member Payment, any remaining amounts resulting from uncashed checks ("Residual Funds") shall be distributed as follows:

a.    First, the amount of the Net Settlement Fund attributable to uncashed or returned checks sent by the Settlement Administrator shall remain shall be held by the Settlement Administrator one year from the date that the first distribution check is mailed by the Settlement Administrator.  During this time the Settlement Administrator shall make a reasonable effort to locate intended recipients of settlement funds whose checks were returned (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose) to effectuate delivery of such checks.  The Settlement Administrator shall make only one such additional attempt to identify updated addresses and re-mail or re-issue a distribution check to those for whom an updated address was obtained.

b.    Second, any Residual Funds remaining after distribution shall be distributed on a *pro rata* basis to participating Settlement Class Members who received Settlement Class Member

Payments, to the extent feasible and practical in light of the costs of administering such subsequent payments unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.

c.      Third, in the event the costs of preparing, transmitting and administering such subsequent payments pursuant to this Section are not feasible and practical to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair, Class Counsel and Apple FCU shall seek the Court's approval to distribute the Residual Funds, if any, to an agreed-upon *cy pres* recipient in Virginia.  The Parties shall propose as a *cy pres* recipient an entity or entities that work to promote financial literacy.

d.      All costs of any second distribution, including Apple FCU's internal costs of crediting Settlement Class Member Accounts, will come from the Residual Funds, and Apple FCU is not required to pay these costs.

## XIII.   Release

71.      As of the Effective Date, Plaintiff and each Settlement Class Member, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries and successors ("Releasing Parties"), shall automatically be deemed to have fully and irrevocably released and forever discharged Apple FCU and each of its present and former parents, subsidiaries, affiliates, divisions, subdivisions, departments, conservators, owners, shareholders, directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and/or the predecessors, successors and assigns of each of them ("Released Parties") from any and all claims they have or may have against the Released Parties with respect

21

to the assessment of Overdraft Fees and/or any claims (for monetary relief, damages, injunctive relief and/or attorneys' fees) or issues which were or could have been brought against the Released Parties arising out of or relating to the facts and circumstances alleged in the Complaint, including, but not limited to, any claims or causes of action based on Overdraft Fees that resulted from transaction that did not overdraw a member's ledger balance, the timing of transactions and/or the ordering of transactions when processed, posted and/or paid, any one-time (non-recurring) debit card and/or Automated Teller Machine ("ATM") transactions ("the Released Claims"), the form or content of Apple FCU's disclosures concerning its policies and practices with respect to the assessment of Overdraft Fees, the timing or manner in which Apple FCU provides those disclosures to its customers, and/or the timing and manner in which Apple FCU allows its members to opt-in to its Overdraft Privilege for one-time, non-recurring, ATM and/or debit card transactions.

72.    Except for Settlement Class members who have validly and timely elected to exclude themselves from or opt-out of the Settlement Class, each Settlement Class Member is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against Apple FCU in any forum, action, or proceeding of any kind.

73.    Plaintiff or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-

22

contingent claims with respect to all of the matters described in or subsumed by this Settlement Agreement and the release of claims set forth herein.  Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement and/or never receives a distribution of funds or credits from the Settlement.

74.     Nothing in this Agreement shall operate or be construed to release any claims or rights that Apple FCU has to recover any past, present or future amounts that may be owed by Plaintiff or by any Settlement Class Member on his/her accounts, loans or any other debts with Apple FCU, pursuant to the terms and conditions of such accounts, loans, or any other debts. Likewise, nothing in this Agreement shall operate or be construed to release any defenses or rights of set-off that Plaintiff or any Settlement Class Member has, other than with respect to the claims expressly Released by this Agreement, in the event Apple FCU and/or its assigns seeks to recover any past, present or future amounts that may be owed by Plaintiff or by any Settlement Class Member on his/her accounts, loans or any other debts with Apple FCU, pursuant to the terms and conditions of such accounts, loans, or any other debts.

## XIV.   Payment of Attorneys' Fees, Costs, and Service Awards

75.     Class Counsel will request attorneys' fees of one-third (33.33%) of the Settlement Fund and reimbursement of reasonable out-of-pocket costs and expenses incurred in connection with the prosecution of this action.  Any award of attorneys' fees, costs, and expenses to Class Counsel shall be payable solely out of the Settlement Fund.  The Parties agree that the Court's

23

failure to approve, in whole or in part, any award for attorneys' fees shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.

76.    Within seven (7) days of the Court's entry of the Final Approval Order, all Court-approved attorneys' fees, costs, and expenses shall be paid from the Escrow Account.  In the event the award of attorneys' fees is reduced on appeal, or if the Effective Date does not occur (either because approval of the Settlement is overturned or the Agreement is terminated for any reason), Class Counsel shall reimburse the Escrow Account, within five business days of the entry of the order reducing the fees, overturning the approval of the Settlement on appeal, or the termination of the Agreement, the difference between the amount distributed and the reduced amount (in the event of a reduction) or the entirety of the amount (in the event approval is overturned or the Agreement is terminated).

77.    The payment of attorneys' fees, costs and expenses of Class Counsel shall be made as designated by Class Counsel.  After the fees, costs and expenses have been paid, Class Counsel shall be solely responsible for distributing each Class Counsel firm's allocated share of such fees, costs and expenses to that firm.  Apple FCU shall have no responsibility for any allocation, and no liability whatsoever to any person or entity claiming any share of the funds to be distributed for payment of attorneys' fees, costs, or expenses or any other payments from the Settlement Fund not specifically described herein.

78.    In the event the Effective Date does not occur, or the attorneys' fees or the cost award is reduced following an appeal, each counsel and their law firms who have received any payment of such fees or costs shall be jointly and severally liable for the entirety.  Further, each counsel and their law firms consents to the jurisdiction of the Court for the enforcement of this provision.

79.    Class Counsel will ask the Court to approve a Service Award to the Plaintiff in the amount of up to $10,000.00. The Service Award is to be paid within 10 days of the Effective Date. The Service Award shall be paid to the Class Representative in addition to Class Representative's Settlement Class Member Payment.  The Parties agree that the Court's failure to approve the Service Award, in whole or in part, shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.

80.    The Parties negotiated and reached agreement regarding attorneys' fees and costs, and the Service Award, only after reaching agreement on all other material terms of this Settlement.

## XV.    Termination of Settlement

81.    This Settlement may be terminated by either Class Counsel or Apple FCU by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 15 days (or such longer time as may be agreed in writing between Class Counsel and Apple FCU) after any of the following occurrences:

a.    Class Counsel and Apple FCU agree to termination;

b.    the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement;

c.    an appellate court vacates or reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within 360 days after such reversal;

d.    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Class Counsel or Apple FCU seeking to terminate the Settlement reasonably considers material;

e.    the Effective Date does not occur; or

f.    any other ground for termination provided for elsewhere in this Agreement.

82.    Apple FCU also shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 14 days after its receipt from the Settlement Administrator of any report indicating that the total dollar value of the Released Claims of the Settlement Class Members who timely request exclusion from the Settlement Class equals or exceeds the figure specified in the separate letter executed concurrently with this Settlement by Class Counsel and Apple FCU.  The number or percentage shall be confidential except to the Court, which shall upon request be provided with a copy of the letter for *in camera* review.

## XVI.    Effect of a Termination

83.    The grounds upon which this Agreement may be terminated are set forth herein above.  In the event of a termination, this Agreement shall be considered null and void; all of Plaintiff', Class Counsel's, and Apple FCU's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status *quo ante* in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved.

84.    In the event of termination, Apple FCU shall have no right to seek reimbursement from Plaintiff, Class Counsel or the Settlement Administrator for Settlement Administration costs paid by Apple FCU.

85.    The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions hereof.

86.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be

26

discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

## XVII.  **No Admission of Liability**

87.    Apple FCU continues to dispute its liability for the claims alleged in the Action, and maintains that its transaction processing practices and disclosures concerning those practices complied, at all times, with applicable laws and regulations and the terms of the account agreements with its members.  Apple FCU does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise.  Apple FCU has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

88.    Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly and time-consuming litigation, and the likelihood of success on the merits of the Action.  Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant informal discovery, and conducted independent investigation of the challenged practices.  Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class members.

89.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be

deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever.

90.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiff or Settlement Class members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

91.    In addition to any other defenses Apple FCU may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement or the Releases contained herein.

## XIX.   **No Press Release**

92.    Neither Party shall issue any press release or otherwise initiate press coverage of the Settlement.  If contacted, the Party may respond generally by stating that it/she is happy that the Settlement was reached and that it was/is a fair and reasonable result.

## XX.   **Miscellaneous Provisions**

93.    <u>Gender and Plurals</u>.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

28

94.     Binding Effect.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

95.     Cooperation of Parties.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

96.     Obligation To Meet And Confer.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

97.     Integration.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

98.     No Conflict Intended.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

99.     Governing Law.  Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Virginia, without regard to the principles thereof regarding choice of law.

100.     Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

101.    _Jurisdiction_.    The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.    The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.    The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice program and the Settlement Administrator.    As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Apple FCU or its affiliates at any time, including during any appeal from the Final Approval Order.

102.    _Notices_.    All notices to Class Counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

**KALIEL PLLC**
Jeffrey D. Kaliel, Esq.
jkaliel@kalielpllc.com
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
Telephone: 202-350-4783

**HEDIN HALL LLP**
Frank S. Hedin, Esq.
fhedin@hedinhall.com
1395 Brickell Avenue, Suite 900
Miami, Florida, 33131

**CAMERON McEVOY**
Edward W. Cameron, Esq.
ecameron@cameronmcevoy.com
Matthew H. Sorensen, Esq.
msorensen@cameronmcevoy.com
4100 Monument Corner Drive, Suite 420
Fairfax, VA 22030

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

103.    Modification and Amendment. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for Apple FCU and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

104.    No Waiver. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

105.    Authority. Class Counsel (for the Plaintiff and the Settlement Class Members), and counsel for Apple FCU (for Apple FCU), represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiff and Apple FCU to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

106.    Agreement Mutually Prepared. Neither Apple FCU nor Plaintiff, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of

31

any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

107.    Independent Investigation and Decision to Settle.    The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  Apple FCU has provided and is providing information that Plaintiff reasonably request to identify Settlement Class Members and the alleged damages they incurred.  Both Parties recognize and acknowledge that they and their experts reviewed and analyzed data for a subset of the time at issue and that they and their experts used extrapolation to make certain determinations, arguments and settlement positions.  The Parties agree that this Settlement is reasonable and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows.  It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

108.    Receipt of Advice of Counsel.  Each Party acknowledges, agrees, and specifically warrants that he, she or it has fully read this Agreement and the Release contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the

Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

Dated: _6/24/2019_____

Dated: _____
_____
JAMIE LIGGIO
*Plaintiff*

Dated: _____
Jeff kaliel
_____
Jeffrey Kaliel, Esq.
KALIEL PLLC
*Class Counsel*

Dated: _June 23, 2019_____
_____
Frank Hedin, Esq.
HEDIN HALL LLP
*Class Counsel*

Dated: _____
_____
Robert Ahdoot, Esq.
AHDOOT & WOLFSON, PC
*Class Counsel*

Dated: _____
APPLE FEDERAL CREDIT UNION

_____
By: _____
ITS_____

Dated: _____
_____
Matthew Sorensen, Esq.
CAMERON McEVOY
*Counsel for Apple FCU*

33

Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

Dated: _____

_____
JAMIE LIGGIO
*Plaintiff*


Dated: _____

_____
Jeffrey Kaliel, Esq.
KALIEL PLLC
*Class Counsel*


Dated:_____

_____
Frank Hedin, Esq.
HEDIN HALL LLP
*Class Counsel*


Dated:_____

_____
Robert Ahdoot, Esq.
AHDOOT & WOLFSON, PC
*Class Counsel*


Dated: ___6/24/2019___

APPLE FEDERAL CREDIT UNION

_____
By: Andrew C. Grimm
ITS President/CEO


Dated: ___6/24/2019___

_____
Matthew Sorensen, Esq.
CAMERON McEVOY
*Counsel for Apple FCU*


33

Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

Dated: 6/22/19 _____

_____
JAMIE LIGGIO
*Plaintiff*

Dated: _____

_____
Jeffrey Kaliel, Esq.
KALIEL PLLC
*Class Counsel*

Dated: _____

_____
Frank Hedin, Esq.
HEDIN HALL LLP
*Class Counsel*

Dated: _____

_____
Robert Ahdoot, Esq.
AHDOOT & WOLFSON, PC
*Class Counsel*

Dated: _____

APPLE FEDERAL CREDIT UNION

_____
By: _____
ITS_____

Dated: _____

_____
Matthew Sorensen, Esq.
CAMERON McEVOY
*Counsel for Apple FCU*

33

Dated: _____

                           _____
                           JAMIE LIGGIO
                           *Plaintiff*

Dated: _____

                           _____
                           Jeffrey Kaliel, Esq.
                           KALIEL PLLC
                           *Class Counsel*

Dated: _____

                           _____
                           Frank Hedin, Esq.
                           HEDIN HALL LLP
                           *Class Counsel*

Dated: **6 – 18 – 19**

                           _____
                           Robert Ahdoot, Esq.
                           AHDOOT & WOLFSON, PC
                           *Class Counsel*

Dated: _____

                           APPLE FEDERAL CREDIT UNION

                           _____
                           By: _____
                           ITS_____

Dated: _____

                           _____
                           Matthew Sorensen, Esq.
                           CAMERON McEVOY
                           *Counsel for Apple FCU*

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

# If You Paid Overdraft Fees to Apple Federal Credit Union, You May Be Eligible for a Payment from a Class Action Settlement.

*A Virginia federal court authorized this notice. This is not a solicitation from a lawyer.*

- A \$2,700,000 Settlement has been reached in a class action about overdraft fees charged to consumer Accounts by Apple Federal Credit Union ("Apple FCU") on transactions that did not overdraw the ledger balance of the account ("Relevant Overdraft Fees").  Apple FCU maintains that there was nothing wrong with the transaction processing practices it used and that it complied, at all times, with applicable laws and regulations and the terms of the account agreements with its customers**.**

- Current and former holders of Apple FCU consumer checking Accounts are eligible for a payment or Account credit from the Settlement Fund.

- The Settlement Class includes all current and former holders of Apple FCU consumer checking accounts who, during the applicable statute of limitations and through the date on which the Court enters preliminary approval of the class settlement in this action, were assessed at least one Overdraft Fee ("OD Fee") on a transaction that did not overdraw the ledger balance of the account.  Excluded from the Settlement Class is Apple FCU, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Receive a Payment or Account Credit** | If you are entitled under the Settlement to a payment or Account credit, you do not have to do anything to receive it. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, you will automatically receive a payment by check or Account credit. |
| **Exclude Yourself from the Settlement** | Receive no benefit from the Settlement. This is the only option that allows you to retain your right to bring any other lawsuit against Apple FCU about the claims in this case. |
| **Object** | Write to the Court if you do not like the terms of the Settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | You will receive any payment or Account credit to which you are entitled, and will give up your right to bring your own lawsuit against Apple FCU about the claims in this case. |

- These rights and options — **and the deadlines to exercise them** — are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments and Account credits will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient.

**Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXX.com**

1

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...........................................................................................................**PAGE 3**
    1. Why is there a notice?
    2. What is this lawsuit about?
    3. What do "Account," "Overdraft Fee," "Relevant Overdraft Fee" and "Ledger Balance" mean?
    4. Why is this a class action?
    5. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT**.................................................................................................**PAGE 4**
    6. Who is included in the Settlement?

**THE SETTLEMENT'S BENEFITS** .............................................................................................**PAGE 4**
    7. What does the Settlement provide?
    8. How do I receive a payment or Account credit?
    9. What am I giving up to stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**..........................................................**PAGE 5**
    10. How do I get out of the Settlement?
    11. If I do not exclude myself, can I sue Apple FCU for the same thing later?
    12. If I exclude myself from the Settlement, can I still receive a payment?

**THE LAWYERS REPRESENTING YOU** ...................................................................................**PAGE 5**
    13. Do I have a lawyer in this case?
    14. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**.........................................................................................**PAGE 6**
    15. How do I tell the Court that I don't like the Settlement?
    16. What's the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING** ........................................................................**PAGE 7**
    17. When and where will the Court decide whether to approve the Settlement?
    18. Do I have to come to the hearing?
    19. May I speak at the hearing?

**IF YOU DO NOTHING** ..............................................................................................................**PAGE 8**
    20. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.............................................................................................**PAGE 8**
    21. How do I get more information?

**Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXX.com**

2

# BASIC INFORMATION

## 1. Why is there a notice?

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to give Final Approval to the Settlement. This notice explains the lawsuit, the Settlement and your legal rights.

The United States District Court for the Eastern District of Virginia is overseeing this case. The case is known as *Liggio v. Apple Federal Credit Union*, Civil No. 18-cv-01059, (the "Action"). The person who sued is called the "Plaintiff." The Defendant is Apple Federal Credit Union ("Apple FCU").

## 2. What is this lawsuit about?

The lawsuit asks for monetary damages (money) and other restitution from Apple FCU, arising from its practices of assessing "overdraft fees" to consumer deposit accounts that were never allegedly overdrawn, and allegedly assessing overdraft fees as a result of non-recurring debit card transactions without the informed consent of accountholders.  The lawsuit claims these practices were deceptive, unfair and unconscionable, and breached contractual promises that Apple FCU made to all accountholders—namely, that it would charge overdraft fees only as a result of transactions that actually overdraw an account and, in the case of one-time debit card transactions, not to charge overdraft fees for such transactions absent the account holder's affirmative, informed, and written consent.  The Class Action Complaint is posted on the Settlement Website (XXXXXXX.com) and contains all of the allegations and claims asserted against Apple FCU.

Apple FCU denies liability with respect to all of the claims asserted by the Plaintiff and further denies that any grounds exist for the Plaintiff and/or the other members of the putative class to recover any of the damages or other relief sought in their Complaint.  Apple FCU's Answer to Class Action Complaint is posted on the Settlement Website.

Plaintiff and Apple FCU have agreed to settle the Action in its entirety, without any admission of liability by Apple FCU.

## 3. What do "Account," "Overdraft Fee," "Relevant Overdraft Fee" and "Ledger Balance" mean?

"**Account"** means any consumer checking account maintained by Apple FCU in the United States and its territories.

"**Overdraft Fee**" means any fee or fees assessed to a holder of an Account for items paid when the Account has insufficient funds at the time of settlement.

"**Relevant Overdraft Fee**" means an Overdraft Fee on a transaction that did not overdraw the ledger balance of the account.

"**Ledger Balance**" means the balance in the customer's account as reflected on the customer's end-of-the-month account statements.  The Ledger Balance includes any pending deposits and/or other credits that have not yet been authorized for use and posted debit and/or draft transactions.  Drafts or debits from a customer's account that have not yet posted to the account (even if those draft or debit transactions have already been approved by Apple FCU and/or the merchant) are not accounted for in the Ledger Balance.

Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXX.com

3

### 4. Why is this a class action?

In a class action, one or more people called class representatives (in this case, Plaintiff Jaime Liggio) sue on behalf of people who have similar claims. The people included in the class action are called the Settlement Class or Settlement Class members. One court resolves the issues for all Settlement Class members, except for those who timely exclude themselves from the Settlement Class.

### 5. Why is there a Settlement?

The Court has not decided in favor of either the Plaintiff or Apple FCU. Instead, both sides agreed to the Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this notice. The Class Representative and Class Counsel believe the Settlement is best for everyone who is affected.

## WHO IS IN THE SETTLEMENT?

To see if you will be affected by the Settlement or if you can get a payment or Account credit from it, you first have to determine if you are a Settlement Class member.

### 6. Who is included in the Settlement?

The Settlement Class includes all current and former holders of Apple FCU consumer checking accounts who, during the applicable statute of limitations and through the date on which the Court enters preliminary approval of the class settlement in this action, were assessed at least one Overdraft Fee on a transaction that did not overdraw the ledger balance of the account.

Excluded from the Settlement Class is Apple FCU, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members.

You may contact the Settlement Administrator if you have any questions as to whether you are in the Settlement Class.

## THE SETTLEMENT'S BENEFITS

### 7. What does the Settlement provide?

Apple FCU has agreed to establish a Settlement Fund of $2,700,000 from which Settlement Class Members will receive payments or Account credits. The Settlement Fund will also pay all attorneys' fees, costs and Service Awards ordered by the Court, any Settlement Administration Costs, and any *cy pres* payment required under this Agreement.  The exact amount of Settlement Class Members' payments or Account credits cannot be determined at this time. The exact amount cannot be determined until the notice process is complete and the Court makes a final decision on the amount of attorneys' fees, costs and expenses awarded to Class Counsel and any Service Award to the Class Representative.

As an additional settlement provision, as of April 24, 2019, Apple FCU issued revised disclosures for consumer checking Account holders further clarifying Apple FCU's policy with respect to the authorization/settlement procedures relating to debit transactions, including non-recurring debit card transactions, that policy's potential impact on overdraft transactions and the manner and method by which Apple FCU assesses Overdraft Fees.  This "Revised Disclosure" is attached to the Settlement Agreement and Release posted at the Settlement Website.  Plaintiff and the Settlement Class acknowledge and agree that the Revised Disclosure accurately discloses Apple FCU's overdraft policies and practices as of the Effective Date of this Settlement Agreement.

Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXX.com

4

## 8. How do I receive a payment or Account credit?

If you are in the Settlement Class and entitled to receive a cash benefit, you do not need to do anything to receive a payment or Account credit. If the Court approves the Settlement and it becomes final and effective, you will automatically receive a payment by check or Account credit for your *pro rata* portion of the Settlement Fund based on the number of eligible Relevant Overdraft Fees you paid to Apple FCU during the period covered by the Settlement.

## 9. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement Class, you cannot sue or be part of any other lawsuit against Apple FCU about the legal issues in this Action. It also means that all of the decisions by the Court will bind you. The "Release" included in the Settlement Agreement describes the precise legal claims that you give up if you remain in the Settlement. The Settlement Agreement is available at www.XXXXXXXXXXXXXXXXX.com.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue Apple FCU on your own about the legal issues in this Action, then you must take steps to get out of the Settlement. This is called excluding yourself — or it is sometimes referred to as "opting-out" of the Settlement Class.

## 10. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter that includes the following:

- Your printed or typed name, address and telephone number;
- A short statement that you want to be excluded from the Apple FCU Overdraft Settlement; and
- Your signature.

You must mail your exclusion request, postmarked no later than **Month Day, 2019**, to:

Apple FCU Overdraft Settlement
P.O. Box XXXX
Portland, OR 97XXX-XXXX

## 11. If I do not exclude myself, can I sue Apple FCU for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Apple FCU for the claims that the Settlement resolves. You must exclude yourself from this Settlement Class in order to try to pursue your own lawsuit.

## 12. If I exclude myself from the Settlement, can I still receive a payment?

No. You will not receive a payment or Account credit if you exclude yourself from the Settlement.

# THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

The Court has appointed a number of lawyers to represent you and others in the Settlement Class as "Class Counsel," including:

**Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXX.com**

| Jeff Kaliel, Esq.<br>Kaliel PLLC<br>1875 Connecticut Ave. NW, 10th Floor<br>Washington, DC 20009 | Robert Ahdoot, Esq.<br>Ahdoot & Wolfson, PC |
|---|---|
| Frank S. Hedin, Esq.<br>Hedin Hall LLP<br>1395 Brickell Avenue, Suite 900<br>Miami, Florida, 33131 | Gray, Plant, Mooty, Mooty & Bennett, P.A |

Class Counsel will represent you and others in the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel intends to request up to 33.33% of the money in the Settlement Fund for attorneys' fees, plus reimbursement of their expenses incurred in connection with prosecuting this Action. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will determine the amount of fees and expenses to award. Class Counsel will also request that $10,000.00 for the Class Representative be paid from the Settlement Fund for her service to the entire Settlement Class.

# OBJECTING TO THE SETTLEMENT

## 15. How do I tell the Court that I don't like the Settlement?

If you are a Settlement Class Member, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees and expenses and/or Class Counsel's request for a Service Award for the Class Representative. To object, you must submit a letter that includes the following:

- the name of the Action, which is *Liggio v. Apple Federal Credit Union*, Civil No. 18-cv-01059;
- your full name, address and telephone number;
- an explanation of the basis upon which you claim to be a Settlement Class Member;
- all grounds for your objection, accompanied by any legal support for your objection known to you or your counsel;
- the identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to your objection to the Settlement or fee application;
- any and all agreements that relate to your objection or the process of objecting – whether written or oral – between you or your counsel and any other person or entity;
- the identity of all counsel (if any) representing you who will appear at the Final Approval Hearing and/or any other person or persons who are providing any form of assistance to you in connection with your objection(s);
- a list of all persons who will be called to testify at the Final Approval Hearing in support of your objection;
- a statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing; and

**Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXX.com**

- your signature (an attorney's signature is not sufficient).

You must submit your objection to all the people listed below, postmarked no later than **Month Day, 2019**.

| | |
|---|---|
| Clerk of the Court<br>Albert V. Bryan U.S. Courthouse<br>401 Courthouse Square<br>Alexandria, VA 22314 | FHB Overdraft Settlement<br>P.O. Box XXXX<br>Portland, OR 97XXX-XXXX |
| Jeff Kaliel, Esq.<br>KALIEL PLLC<br>1875 Connecticut Ave. NW, 10th Floor<br>Washington, DC 20009 | Edward W. Cameron, Esq.<br>Matthew H. Sorensen, Esq.<br>CAMERON/McEVOY PLLC<br>4100 Monument Corner Drive, Suite 420<br>Fairfax, VA 22030 |

Class Counsel and/or Apple FCU may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.

## 16. What's the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement, and the request for attorneys' fees, expenses and Service Award for the Class Representative. You may attend and you may ask to speak, but you don't have to do so.

## 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at **_:__ _.m. EST on Month Day, 2019**, at the chambers of the Honorable Judge Liam O'Grady, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXXXXXXXXXXXXXXXX.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider any request by Class Counsel for attorneys' fees and expenses and for Service Award for the Class Representative. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know when the Court will make its decision. It is a good idea to check www.XXXXXXXXXXXXXXX.com for updates.

## 18. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you may come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submit your written objection on time, to the proper address and it complies with the requirements set

Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXX.com

7

forth previously, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must submit a timely objection to the Settlement and send a letter saying that you intend to appear and wish to speak. Your Notice of Intention to Appear must include the following:

- Your name, address and telephone number;
- A statement that this is your "Notice of Intention to Appear" at the Final Approval Hearing for the Apple FCU Settlement in *Liggio v. Apple Federal Credit Union*, Civil No. 18-cv-01059;
- The reasons you want to be heard;
- Copies of any papers, exhibits, or other evidence or information that is to be presented to the Court at the Final Approval Hearing; and
- Your signature.

You must submit your Notice of Intention to Appear so that it is postmarked no later than **Month Day, 2019**, to all of the addresses in Question 15.

# IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

If you do nothing, you will still receive the benefits to which you are entitled under the Settlement Agreement. Unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against Apple FCU relating to the issues in this Action.

# GETTING MORE INFORMATION

## 21. How do I get more information?

This Detailed Notice summarizes the proposed Settlement. More details can be found in the Settlement Agreement. You can obtain a copy of the Settlement Agreement at www.XXXXXXXXXXXXXXXX.com. You may also write with questions to Apple FCU Overdraft Settlement, P.O. Box XXXX, Portland, OR 97XXX-XXXX, or call the toll-free number, 1-XXX-XXX-XXXX. Do not contact Apple FCU or the Court for information.

**Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXX.com**

8

# EXHIBIT 2

EMAIL NOTICE

# If You Paid Overdraft Fees to Apple Federal Credit Union, You May Be Eligible for a Payment from a Class Action Settlement.

A $2,700,000 Settlement has been reached in a class action about overdraft fees charged to consumer Accounts by Apple Federal Credit Union ("Apple FCU") on transactions that did not overdraw the ledger balance of the account ("Relevant Overdraft Fees"). Apple FCU maintains that there was nothing wrong with the transaction processing practices it used and that it complied, at all times, with applicable laws and regulations and the terms of the account agreements with its customers. Current and former holders of Apple FCU consumer checking Accounts are eligible for a payment or Account credit from the Settlement Fund.

**Who's Included? You received this email because Apple FCU's records indicate you may be a Class Member.** The Settlement Class includes all current and former holders of Apple FCU consumer checking accounts who, during the applicable statute of limitations and through the date on which the Court enters preliminary approval of the class settlement in this action, were assessed at least one Overdraft Fee ("OD Fee") on a transaction that did not overdraw the ledger balance of the account.

**What Are the Settlement Terms?** Apple FCU has agreed to establish a Settlement Fund of $2,700,000 from which Settlement Class Members will receive payments or Account credits. Once the Court approves the Settlement, each Settlement Class Member will automatically receive a payment by check or Account credit for his or her pro rata portion of the Settlement Fund based on the number of eligible Relevant Overdraft Fees they paid during the period covered by the Settlement.

**Your Rights May Be Affected**. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **Mont Day, 2019**. If you do not timely exclude yourself, you will release your Relevant Overdraft Fee related claims against Apple FCU, and you will not be able to sue Apple FCU for any claim relating to the lawsuit. If you stay in the Settlement Class, you may object to the Settlement in writing by **Month Day, 2019**. The Detailed Notice available here explains how to exclude yourself from or object to the Settlement. The Court will hold a hearing on **Mont Day 2019** to consider whether to approve the Settlement and Class Counsel's request for attorneys' fees of up to 33.33% of the Settlement Fund, plus expenses and the Class Representative's Service Award. You may appear at the hearing, but you are not required to attend. To speak at the hearing, you must first object to the Settlement in writing pursuant to the instructions in the Detailed Notice. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing. For more information, call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXXXX.com.

# EXHIBIT 3

POSTCARD NOTICE

# If You Paid Overdraft Fees to Apple Federal Credit Union, You May Be Eligible for a Payment from a Class Action Settlement.

A $2,700,000 Settlement has been reached in a class action about overdraft fees charged to consumer Accounts by Apple Federal Credit Union ("Apple FCU") on transactions that did not overdraw the ledger balance of the account ("Relevant Overdraft Fees"). Apple FCU maintains that there was nothing wrong with the transaction processing practices it used and that it complied, at all times, with applicable laws and regulations and the terms of the account agreements with its customers. Current and former holders of Apple FCU consumer checking Accounts are eligible for a payment or Account credit from the Settlement Fund.

**Who's Included? You received this Notice because Apple FCU's records indicate you may be a Class Member.** The Settlement Class includes all current and former holders of Apple FCU consumer checking accounts who, during the applicable statute of limitations and through the date on which the Court enters preliminary approval of the class settlement in this action, were assessed at least one Overdraft Fee ("OD Fee") on a transaction that did not overdraw the ledger balance of the account.

**What Are the Settlement Terms?** Apple FCU has agreed to establish a Settlement Fund of $2,700,000 from which Settlement Class Members will receive payments or Account credits. Once the Court approves the Settlement, each Settlement Class Member will *automatically* receive a payment by check or Account credit for his or her pro rata portion of the Settlement Fund based on the number of eligible Relevant Overdraft Fees they paid during the period covered by the Settlement.

**Your Rights May Be Affected**. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **Mont Day, 2019**. If you do not timely exclude yourself, you will release your Relevant Overdraft Fee related claims against Apple FCU, and you will not be able to sue Apple FCU for any claim relating to the lawsuit. If you stay in the Settlement Class, you may object to the Settlement in writing by **Month Day, 2019**. The Detailed Notice available at the website explains how to exclude yourself from or object to the Settlement. The Court will hold a hearing on **Mont Day 2019** to consider whether to approve the Settlement and Class Counsel's request for attorneys' fees of up to 33.33% of the Settlement Fund, plus expenses and the Class Representative's Service Award. You may appear at the hearing, but you are not required to attend. To speak at the hearing, you must first object to the Settlement in writing pursuant to the instructions in the Detailed Notice. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing. For more information, call or visit the website.

**1-XXX-XXX-XXXX**                    **www.XXXXXXXXXXXXXXXXXX.com**.